Kevin ROSA; et al., Plaintiffs—Appellants,

v.

CUTTER PONTIAC BUICK GMC OF WAIPAHU, INC., Defendant—Appellee.

No. 02–17003.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2004.

Decided July 2, 2004.

John Harris Paer, Esq., Honolulu, HI, for Plaintiff–Appellant.

J. N. Wiedman, Esq., Honolulu, HI, for Defendant–Appellee.

Before: FARRIS, NOONAN, and RAWLINSON, Circuit Judges.

### MEMORANDUM *

Kevin and Lilly Rosa (the Rosas) appeal the district court's granting of Cutter Pontiac Buick GMC's motion for Judgment on the Pleadings. The Rosas contend that their complaint and supporting exhibits adequately allege consummation of the credit transaction, and, therefore, the defendant may be held to answer for alleged violations of the Truth in Lending Act.

Regulation Z defines consummation as "the time that a consumer becomes contractually obligated on a credit transaction." *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir.1989) (quoting 12 C.F.R. § 226.2(a)(13)). "When a consumer 'be-

comes contractually obligated' is, in turn, determined by looking to state law[.]" *Id.* In Hawaii, a credit sale contract must be in writing; contain, incorporate by reference, or otherwise clearly refer to all the agreement of the parties; and be signed by the parties. H.R.S. § 476–3(a)(1)–(3).

The Rosas did not sign the Credit Sale Contract. As the signature is an essential element of a loan contract under Hawaii law, the absence of a signature means that no loan contract was formed.

The only document signed by the Rosas was the Retail Buyers Order and Invoice. However, consummation of the order was contingent upon credit approval. Because that expressed contingency never came to pass, no loan contract was formed. *See Jackson*, 890 F.2d at 120 ("If an essential element of the contract is reserved for the future agreement of both parties, there is generally no legal obligation created until such an agreement is entered into"). As no legal obligation was created vis-a-vis the credit sale contract or the Retail Buyers Order and Invoice, no loan transaction was ever consummated. Accordingly, the Truth in Lending Act requirements were never triggered. *See id.* at 121–122.

Because the Rosas' only federal claim was properly dismissed, the district court acted within its discretion in dismissing the remaining state law claims. *See Fang v. United States*, 140 F.3d 1238, 1244 (9th Cir.1998).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.